UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEPHANIE HALLIDAY,**<br><br>Plaintiff,<br><br>v.<br><br>**BIOREFERENCE LABORATORIES, INC.,**<br><br>Defendant. | Civ. No. 17-6889 (KM)<br><br>**MEMORANDUM OPINION** |

The complaint in this action was filed in New Jersey Superior Court, Essex County, Law Division, on August 22, 2017. It asserts one state-law claim. On September 8, 2017, the defendant, BioReference Laboratories, Inc. ("BioReference") filed a notice of removal, invoking this court's diversity jurisdiction under 28 U.S.C. 1332(a). (ECF no. 1) Now before the court is the motion (ECF no. 7) of the plaintiff, Stephanie Halliday, to remand the case to state court, pursuant to 28 U.S.C. § 1447(c).

The parties are diverse and that the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Ms. Halliday is a citizen of Texas; BioReference, a New Jersey corporation headquartered in Elmwood Park, is a citizen of New Jersey; and the complaint may reasonably be construed to demand in excess of $75,000. Ms. Halliday does not dispute this.

At issue is the applicability, or not, of the "home state" or "forum defendant" exception to removal based on diversity jurisdiction:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). It applies, says Ms. Halliday, because defendant BioReference, a New Jersey citizen, was sued in New Jersey and seeks to remove the action to a New Jersey federal court. If she is correct, then

removal—irrespective of whether diversity jurisdiction exists—is barred by statute.[1]

The issue comes down to a dispute over the phrase "properly joined and served as [a] defendant[]." *Id.* BioReference says that it filed the notice of removal after the complaint had been filed, but before it had been served, so it is not a party "joined and served as [a] defendant[]" within the meaning of Section 1441(b)(2). This tactic is commonly known as "snap removal," and it has been discussed in the case law many times before.

As applied to this case, the doctrine has two dimensions.

The first involves a factual and legal dispute over whether BioReference was in fact properly served.

BioReference admits that on September 1, 2017, a week before it filed the notice of removal, a professional process server brought the papers to BioReference's headquarters, where a receptionist signed for them and

---

[1]   To be clear, this is not a motion to remand based on lack of subject matter jurisdiction.

> There are ... two ways by which a plaintiff can challenge a notice of removal. First, he can assert that the federal court lacks subject matter jurisdiction over the case because it does not come within the "original jurisdiction" of the federal court. 28 U.S.C. § 1441(a). It is undisputed here, however, that there is complete diversity among the parties such that this case falls within the diversity subject matter jurisdiction of this court. 28 U.S.C. § 1332. Second, a plaintiff can claim that there was a procedural defect in the removal. The forum defendant rule has been held to implicate the latter type of challenge

*Gentile v. Biogen Idec*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013).

Section 1441(b) is not a jurisdictional limitation, but a statutory limit on a case's removability. This is a case that could have been filed originally in federal court under its diversity jurisdiction. Thus the remand issue here involves the statutory scope of removal, not the court's jurisdiction. *See In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 450 n.6 (3d Cir. 2000); *Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50–51 (3d Cir. 1995).

This motion is therefore properly categorized as one to remand pursuant to 28 U.S.C. § 1447(c), based on an asserted defect in removal: *i.e.*, a contention that removal was "not authorized by law." *Cook v. Wikler*, 320 F.3d 431, 437 (3d Cir. 2003) (quoting *Pierpoint v. Barnes*, 94 F.3d 813, 817 (2d Cir. 1996) (interpreting 28 U.S.C. § 1447(c)). I decide the motion on that basis.

Although subject matter jurisdiction may be raised at any time, a motion to remand on other grounds must be brought within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). This motion, filed on October 4, 2017, was timely.

accepted them. BioReference, however, disputes that this was "proper" (*i.e.,* valid) service, and submits declarations from the receptionists stating that they received the papers but are not authorized to accept service for the corporation. (ECF no. 8-1 at pp. 4–12) Therefore, the argument runs, BioReference may have *received* the papers at its headquarters, but it had not been properly *served* with the papers, when it filed its notice of removal on September 8, 2017.

There is a second, legal dimension to the issue. BioReference admits receipt of the summons and complaint at its headquarters as of September 1, 2017. I can dispose of the "snap removal" claim as a matter of law. It is therefore not necessary that I resolve factual or legal disputes over "proper" service, or ancillary factual disputes about the precise circumstances of receipt.[2]

---

[2] If I did reach such issues, it is conceivable that BioReference could prevail, but it would have some explaining to do.

Halliday submits evidence that her attorney emailed BioReference's attorney a courtesy copy of the complaint on August 29, 2017. (ECF no. 7-2 at 2 ¶ 4) BioReference's attorney admits to having had "multiple" communications about it with her "client" at unspecified times "[d]uring the week beginning September 4, 2017." (ECF no. 8-1 ¶ 2) Halliday attaches an email from another of BioReference's attorneys to Halliday's attorney, dated September 5, 2017, reading as follows:

> Glen,
>
> Hope you had a nice Labor Day weekend.
>
> Our client has given us authorization to accept service on the above matter and will do so ***effective today.*** If the process server has not already attempted service, you can call them off!

(ECF no. 7-2 at 14) (emphasis added). Because these matters occurred prior to removal, I will go no further than to state that this friendly and cordial email, suggesting that service is accepted and lulling plaintiff into calling off the process server, would raise grave concerns in any case of mine.

A declaration of BioReference's attorney states that although the papers were received at headquarters on September 1, 2017, it was not until "on or about" September 8, 2017—the same day the notice of removal was filed—that "[her] client finally indicated that it received the summons and complaint . . . through inter-office mail." (ECF no. 8-1 ¶ 3) The only "client" potentially at issue here is BioReference, and all admit that the papers were delivered by hand to BioReference's Elmwood Park headquarters on September 1, 2017. Under all the circumstances here, I do not deem the date that the "client finally indicated" receipt of the papers in interoffice mail— whatever that may mean—to be significant. An attorney's hearsay statement of what she was told by an unnamed person on behalf of the corporate "client" is even less so. And even assuming that the interoffice delay is significant, counsel does not forthrightly state that the "client" received the notice of removal by interoffice mail earlier in the day—*i.e.,* before the filing of the notice of removal—on September 8, 2017.

I hold that "snap removal" is impermissible here, and that the § 1441(b)(2) "forum defendant" exception bars removal.

On this issue, Third Circuit guidance is lacking, for the very good reason that such a remand is not appealable. *See* 28 U.S.C. § 1447(d) (with irrelevant exceptions, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise"); *Cook v. Wikler*, 320 F.3d 431, 435 (3d Cir. 2003) (holding that a 1996 strengthening amendment to 28 U.S.C. § 1447(c) worked a corresponding expansion in the scope of the § 1447(d) bar to appeal, in effect abrogating earlier case law permitting appeal in some circumstances); *McBride v. Twp. of W. Orange*, 127 F. App'x 54, 56 (3d Cir. 2005) (citing 28 U.S.C. § 1447(d) and dismissing appeal from § 1447(c) remand)).

For an overview of the split in district court authority on this question, a good starting point is *Williams v. Daiichi Sankyo, Inc.*, 13 F. Supp. 3d 426, 430 (D.N.J. 2014). I find the cases rejecting the "snap removal" tactic to be more persuasive; at least under these circumstances, I believe, removal would be contrary to the legislative intent and purpose. BioReference's interpretation of the statute would "reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve such process." *Id.* (quoting *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640, 646 (D.N.J. 2008)). *See also Briganti v. HMS Host Int'l*, No. 14-CV-4813 CCC-SCM, 2015 WL 1268300, at *2 (D.N.J. Mar. 16, 2015); *Gentile, supra* (survey of district court case law and arguments pro and con for "snap removal"). Where, as here, indications of gamesmanship are added to the mix, that conclusion is strengthened.

For the foregoing reasons, the case will be remanded to the Superior Court of New Jersey, Essex County, Law Division, where it was assigned Docket number ESX-L-6043-17. Because I decide the motion on the basis of a legal issue as to which district courts are split, I do not award fees or costs. An appropriate order accompanies this Memorandum Opinion.

Dated: November 17, 2017

**KEVIN MCNULTY**
**United States District Judge**